UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONTENT & COMMERCE, INC., and KEVIN DETRUDE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| DONNA CHANDLER, SHOW COLORS, INC., and MY K9 BEHAVES, LLC | ) ) ) ) |
| Defendants. | ) ) ) |
| SHOW COLORS, INC., DONNA CHANDLER, and MY K9 BEHAVES, LLC, | ) ) ) ) ) |
| Consolidated Plaintiffs, | ) ) |
| vs. | ) ) |
| KENETH ZWEIGEL, CONTENT & COMMERCE, INC., KEVIN DETRUDE, and MY K9 BEHAVES, INC., | ) ) ) ) |
| Consolidated Defendants. | ) |

Case No.:  1:20-CV-2488-JMS-DLP

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTIONS</u>**

Defendants/Consolidated Plaintiffs Show Colors, Inc., Donna Chandler, and Derivative Defendant and Consolidated Plaintiff My K9 Behaves (collectively referred to herein as "Defendants/Consolidated Plaintiffs"), by counsel, and pursuant to F.R.C.P. Rule65(b) and Local

1

Rule 65.2 and further pursuant to Rule Nos. 55, 57, and 65 of the Indiana Rules of Trial Procedure, respectfully move the Court to enter Declaratory Judgment, and injunctive relief in the form of a temporary restraining order and, thereafter, to enter a preliminary injunction and permanent injunction order prohibiting Plaintiffs/Consolidated Defendants from using and profiting from the name, image, likeness, expertise, business reputation, and copyrights and trademark of Defendant/Consolidated Plaintiff Donna Chandler ("Chandler") and Declaratory Relief ordering the immediate Judicial Dissolution of My K9 Behaves LLC.

### I. Introduction

Plaintiffs/Consolidated Defendants and Chandler formed an Indiana Limited Liability Company known as My K9 Behaves LLC ("Company") on April 4, 2017. Chandler later assigned her rights in Company to Defendant/Consolidated Plaintiff Show Colors, Inc. The Parties herein entered into an Operating Agreement on June 14, 2017 ("Agreement"). See Agreement attached to Defendants'/Consolidated Plaintiffs' State Court Complaint as Exhibit "A" see [Dkt #13] of now consolidated case 02930 and Exhibit "A" to this pleading. Chandler made a conditional assignment of "Copyrights and Trademark" to Company in the language of the Agreement. Other than the conditional assignment in the Agreement, no separate assignment document of the Copyrights and Trademarks exists. The condition of the Agreement assignment is that if Chandler ceases to be a Member of Company or the Company is dissolved the Copyrights and Trademark are to be assigned back to Chandler.

The Company created a Video featuring Chandler training canines and based on Chandler's previously copyrighted works (the "Video"). Sales of such Video have created substantially all the Company's revenues to date. The course of conduct of the Company for its duration has exclusively been limited to the marketing and sale of the Video. Although Plaintiffs/Consolidated Defendants, personally, have generated revenue from other sources indirectly related to the name, image,

likeness, expertise, and business reputation of Plaintiff Chandler, Plaintiffs/Consolidated Defendants have not disclosed such activities, nor shared revenues from such activities contrary to the terms of the Agreement. Plaintiffs/Consolidated Defendants have engaged in this lack of transparency while seeking to profit from the career and personality of Chandler beyond the distribution of the Video.

Chandler gave a Notice of her Withdrawal as a Member of Company on August 19, 2020. Plaintiffs/Consolidated Defendants have not recognized Chandler's withdrawl and intentionally have continued to operate the Company using Chandler's name, image, likeness and copyrighted works to continue sales of the Video and to intentionally interfere in business relationships and prospective business relationships personal to Chandler. Despite Chandler's repeated requests to amicably dissolve and wind up the affairs of Company, Plaintiffs/Consolidated Defendants have refused leaving the Company deadlocked and Chandler no choice but to seek Judicial Dissolution. Judicial Dissolution is appropriate when continuing the business of the company is not reasonably practicable. *See Ind. Code §23-18-9-2 and Thorton v. CMB Entm't, LLC 309 F.D.R.465*.

As shown by Defendants'/Consolidated Plaintiffs' instant Memorandum of Law in Support of their Motion for Injunctive Relief, and Defendants'/Consolidated Plaintiffs' State Court Complaint for injunctive and other relief filed October 19th, 2020 and remanded and consolidated to this Court, Defendants/Consolidated Plaintiffs are entitled to such relief because Defendants/Consolidated Plaintiffs have demonstrated: (1) likelihood of success on the merits; (2) an immediate and irreparable injury; (3) that greater harm would result to Defendants/Consolidated Plaintiffs from the denial of injunctive relief than to Plaintiffs/Consolidated Defendants were the injunctive relief properly granted; and (4) the public interest would be better served by issuing injunctive relief. *Indiana Ass'n of Beverage Retailers, Inc. v. Indiana Alcohol and Tobacco Com'n*, 945 N.E.2d 187 (Ind. Ct. App. 2011), *transfer denied*, (Sept. 15, 2011); *Leone v. Commissioner,*

3

*Indiana Bureau of Motor Vehicles*, 933 N.E.2d 1244 (Ind. 2010); *Bowyer v. Ind. Dep't of Natural Rex.*, 798 N.E.2d 912, 917 (Ind. Ct. App. 2033); *Hydraulic Exch. & Repair, Inc. v. KM Specialty Pumps, Inc.*, 690 N.E.2d 782, 785 (Ind. Ct. App. 1998): *Fumo v. Med. Group of Michigan City, Inc.*, 590 N.E.2d 1103, 1108 (Ind. Ct. App. 1992) (all setting forth elements of preliminary injunction); *see also* IC 34-26-1-5 (statutory requirements for obtaining pre-judgment injunctive relief).

This Court possesses the authority to enter a temporary restraining order and preliminary injunctive and declaratory relief including Judicial Dissolution of Company pending the outcome of this litigation. See Ind. Trial Rules 55 and 65. As set forth below, Defendants/Consolidated Plaintiffs respectfully request that they not be required to post a bond in support of the injunctive relief sought because no potential harm exists for Plaintiffs/Consolidated Defendants relevant to this matter. In addition to previous correspondence regarding Defendants'/Consolidated Plaintiffs' desire to amicably dissolve Company, Counsel for Defendants'/Consolidated Plaintiffs have contacted Plaintiffs/Consolidated Defendants' Counsel, B.J. Brinkerhoff by telephone and by Certified Mail and advised Brinkerhoff that Defendants/Consolidated Plaintiffs intend to seek a temporary restraining order and preliminary injunctive and declaratory relief from this Court pursuant to F.R.C.P. 65(b) and Ind. T.R. Rule 65(B)(2). *See* Affidavit of Efforts to Give Notice with supporting exhibit attached hereto as Exhibit "B".

## II. Defendants/Consolidated Plaintiffs are entitled to Injunctive Relief.

As described herein and in Defendants'/Consolidated Plaintiffs' Complaint, Plaintiffs/Consolidated Defendants are obligated under the Agreement to assign back to Chandler the Copyrights and Trademark: "If Company is dissolved or ceases to operate or if Donna Chandler ceases to be a Member of Company by decision of the Members under paragraph 6, the Trademark and Copyrights will **be assigned back to Donna Chandler."** *See* Agreement, paragraph 6 (*emphasis added*). Plaintiffs/Consolidated Defendants have refused to join with Chandler in her desire to cease being a Member of Company citing the language of paragraph 6 and insisting that one of Plaintiffs/Consolidated Defendants must join with her for an effective withdrawl. The result of this refusal is a Company deadlock requiring Judicial Dissolution; and Plaintiffs'/Consolidated Defendants' refusal and continued operation of Company after August 19, 2020 has resulted in the misappropriation of Chandler's name, image, likeness, business reputation, copyrights and trademark in violation of the law.

Plaintiffs/Consolidated Defendants have unilaterally and intentionally caused the deadlock and have continued the use of Chandler's persona and *Rights of Publicity*, I.C. §32-36 and upon information and belief, will continue to do irreparable harm through this conduct unless this Court grants Defendants/Consolidated Plaintiffs their requested temporary restraining order and injunctive relief and Judicial Dissolution of Company. Such action by Plaintiffs/Consolidated Defendants has caused, and continues to cause, both immediate and long-lasting irreparable harm to Defendants/Consolidated Plaintiffs, including the loss to Chandler of the rightful use of Chandler's name, image, likeness, which is personal to her, and for which Defendants/Consolidated Plaintiffs have no adequate remedy at law.

### A. Defendants/Consolidated Plaintiffs have demonstrated a likelihood of success on the merits.

Defendants/Consolidated Plaintiffs are likely to prevail on the merits of their claims that the conduct undertaken by Plaintiffs/Consolidated Defendants is in violation of IC §32-36-1-8 and are an intentional attempt to deadlock Company by Plaintiffs/Consolidated Defendants in order to continue to benefit off the name, likeness, image, business reputation, certifications, copyrights and trademark of Chandler against her August 19, 2020 stated demand that Plaintiffs/Consolidated Defendants and Company cease and desist in using her personality for commercial purposes. IC §32-36-1-6. Company in essence is comprised of and depends on the personality, certifications and works of Chandler. The Video is a derivative of Chandler's previous copyrighted works and consists entirely of Chandler's personal instruction in training canines. Neither Plaintiff/Consolidated Defendant appear in the Video and, other than Zweigel typing Chandler's script into a teleprompter, neither Plaintiff/Consolidated Defendant participated in the creation of the Video being marketed by Company. The Video is, in fact, a presentation by Chandler of her own personality, IC 32-36-1-6 and her lifetime of work in canine training and behavior modification filmed at Chandler's home and farm and using her own dogs for the instructional purposes of the Video. Despite Defendants'/Consolidated Plaintiffs' efforts to arrange an amical dissolution of Company and an equitable distribution of Company's assets and liabilities, Plaintiffs/Consolidated Defendants have refused to provide a meaningful response and responded by filing suit in US District Court for the Southern District of Indiana, Case 1:20-cv-02488 in an attempt to further and continue to misappropriate Chandler's name, image, likeness, business reputation, copyrights and trademark. Plaintiffs'/Consolidated Defendants' settlement demands in said Case, voiced in a Settlement Conference with Magistrate Pryor, are both outrageous and in bad faith. The proper jurisdiction and venue to hear the emergency necessary to

enjoin Plaintiffs'/Consolidated Defendants' unlawful behavior has been removed from State Court and lies with this Court. Defendants'/Consolidated Plaintiffs' desire was to resolve the issues of Company's dissolution amicably, however as soon as it became apparent that Plaintiffs/Consolidated Defendants were going to continue the misappropriation of Chandler's personality, copyrights and trademarks, Defendants/Consolidated Plaintiffs filed suit in State Court and now make this timely application in this consolidated case.

Personality is viewed by our Indiana courts under statutory law, IC §32-36-1-8, and it is obvious that the misappropriations of one's personality are proper subjects for injunctive relief. Chandler does not want the continued use of her personality by Company and Plaintiffs/Consolidated Defendants. Plaintiffs/Consolidated Defendants' failure to honor Chandler's specific request to Plaintiffs/Consolidated Defendants that they cease and desist the use of her personality has and continues to cause significant damage to her business reputation and her ability to carry on her life's work. It is impossible to place a dollar value on a person's personality (as defined in IC §32-36 ) especially when that personality is manifested by the cumulative life's work of the person, as here with Chandler. To quote *Norlund v. Faust, 675 N.E.3rd* 1142, 1149-50 (Ind. Ct. App. 2002) "It would be pure speculation to place a dollar amount on the damages, and an injunction against the prohibited behavior is the most efficient way to lift the burden of that harm from the shoulders of the [Defendants/Consolidated Plaintiffs]."

    **B.**    **Defendants/Consolidated Plaintiffs are suffering immediate and irreparable injury.**

Plaintiffs'/Consolidated Defendants' refusal to cease and desist their continuing use of Chandler's personality against her wishes deprives Chandler of her rightful ownership and

7

interest in her own personality and rights of publicity and imposes continuing restraints on Chandler's chosen vocation and her ability to earn a living. This refusal by Plaintiffs/Consolidated Defendants is unlawful. Upon information and belief, unless restrained by this Court, Plaintiffs/Consolidated Defendants will continue to use Chandler's name, image, likeness, business reputation, certifications, copyrights and trademark by their continued operation of Company. Plaintiffs'/Consolidated Defendants' intent is to handcuff Chandler and unjustly enrich themselves from her expertise and authored works to which they have contributed nothing. Such continuing misappropriation of Chandler's personality, authored works and the derivative Video by Plaintiffs/Consolidated Defendants will result in irreparable harm to Defendants/Consolidated Plaintiffs by not only depriving Defendants/Consolidated Plaintiffs unrestrained access to Chandler's own personality, but if left unrestrained, will result in further and continuing damage to Chandler's name and business reputation, thereby posing a threat to Defendants'/Consolidated Plaintiffs' ability to offer her canine training and behavior modification services in the future with good and marketable title to her intellectual properties.

Finally, "[a] legal remedy is adequate only where it is as 'plain, complete and adequate – or, in other words, as practical and efficient to the ends of justice and its prompt administration – as the remedy in equity.'" *Jay County Rural Elec. Mbrshp. Corp. v. Wabash Valley Power Ass'n*, 692 N.E.2d 905, 909 (Ind. Ct. App. 1998) (quoting *McKain v. Rigsby*, 250 Ind. 438, 237, N.E.2d 99, 103 (1968)). As a result, even a party that has only suffered economic injuries is entitled to an injunction, if those economic damages cannot be remedied by post-trial damages. *Wabash, Id*. at 910. Here, monetary damages, even if they could be calculated, are impractical, inefficient, and unable to fully compensate Defendants/Consolidated Plaintiffs for present and future losses. By contrast, an injunction would help to protect Plaintiff Chandler's good name and business

reputation from more harm than has already been inflicted, without causing relevant injury to Plaintiffs/Consolidated Defendants, further Judicial Dissolution of Company would, by the agreed provisions of the Operating Agreement, restore Chandler's Copyrights, Trademark, intellectual property and Rights of Publicity to her. In sum, unless Plaintiffs/Consolidated Defendants are enjoined – pending a hearing on the merits – from benefiting from the foregoing wrongful conduct, Defendants/Consolidated Plaintiffs will be irreparably harmed by the misappropriation of Defendant/Consolidated Plaintiff Chandler's personality which is the sum and substance and sole reason for the existence of Company. When Chandler joined with Plaintiffs/Consolidated Defendants in 2017 it was not a Membership to infinity, rather, by agreement, an anticipated dissolution at some point that would restore to Chandler her right to the use and control of her own personality and intellectual property.

### C. Greater harm would result to Defendants/Consolidated Plaintiffs from the denial of injunctive relief than to Plaintiffs/Consolidated Defendants were the injunctive relief improperly granted.

The only possible harm to Plaintiffs/Consolidated Defendants by granting the requested temporary restraining order, judicial dissolution and subsequent relief is the conclusion of Plaintiffs'/Consolidated Defendants' unlawful and unjust enrichment from the use of Chandler's personality. This harm is outweighed by the harm to Defendants/Consolidated Plaintiffs if no such relief were granted because such relief would only require that Plaintiffs/Consolidated Defendants cease their unlawful behavior. Denial of injunctive relief will inflict more harm on Defendants/Consolidated Plaintiffs and the public than a grant of relief will inflict upon Plaintiffs/Consolidated Defendants should the injunction be improperly granted. Absent injunctive relief, Defendants'/Consolidated Plaintiffs' inability to fully access their own name image, likeness, business reputation, certifications, copyrights and trademark deprives

Defendants/Consolidated Plaintiffs of the full enjoyment and benefit of Chandler's personality which is personal to Chandler. Further, such absence of injunctive relief would send a signal to the public that one's personality and Rights of Publicity are not personal and can be usurped against the wishes of the person.

In stark contrast, no harm will fall upon Plaintiffs/Consolidated Defendants. The requested relief would simply require Plaintiffs/Consolidated Defendants to comply with its contractual obligations. It warrants echoing that Defendants/Consolidated Plaintiffs put Plaintiffs/Consolidated Defendants on notice of their obligations to Defendants/Consolidated Plaintiffs long before Plaintiffs/Consolidated Defendants removed the State Court Action to the instant action. Plaintiffs/Consolidated Defendants are fully aware of their obligations under the Agreement, the continued, unauthorized use of Chandler's name, image, and likeness, and failure to return her intellectual property is intentional, willful and in bad faith.

The size of a security bond should approximate the damage the enjoined party will suffer if it is found that the injunction was wrongfully entered. *Titus v. Rheitone, Inc.*, 758 N.E.2d 85, 95 (Ind. Ct. App. 2001). Because there is no potential for Defendant to be harmed if it is wrongfully restrained by the requested Order, Defendants/Consolidated Plaintiffs respectfully request that this Court waive, or in the alternative, require only a *de minimis* bond pursuant to F.R.C.P. 65 (C). *See AGE Capital Corp., Inc. v. Product Action Intern.*, 884 N.E. 2d 294 (Ind. Ct. App. 2008), *transfer denied*, 898 N.E2d 1222 (Ind. 2008).

### D. The public interest would be better served by issuing injunctive relief.

An injunction would support the public policy of preserving the expectation of honesty and fair dealing among members of a limited liability company and parties to a contract. Defendants/Consolidated Plaintiffs seek to maintain standards for legal, ethical and fair business

practices against Plaintiffs/Consolidated Defendants who have acted in bad faith with an intent to harm Defendants/Consolidated Plaintiffs. An injunction will merely prohibit Plaintiffs/Consolidated Defendants from continuing their unlawful and continuing use of Plaintiff Chandler's right of publicity.

### III. Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court ORDER and DECREE the following:

1. A temporary restraining order be issued immediately prohibiting Plaintiffs/Consolidated Defendants from further commercial use of Chandler's name, image, likeness and works.

2. That no security for the injunction is necessary pursuant to F.R.C.P. 65(C).

3. That this Order shall be effective immediately and continue in full force and effect until such time as this Court specifically orders otherwise.

4. That this matter be set for Judicial Dissolution and a preliminary injunction hearing at the Court's earliest convenience.

A proposed temporary restraining order is filed contemporaneously herewith.

Respectfully submitted,

/s/ Stephen Plopper
Stephen Plopper, Attorney No. 5764-49
PLOPPER & PARTNERS LLP
1 East Carmel Drive, Suite 250
Carmel, IN 46032
Telephone: (317) 822-0800
Fax: (317) 822-0808
splopper@sploplaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 25, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

>B.J. Brinkerhoff, Attorney No. 24811-53
>Hannah Kaufman Joseph, Attorney No. 24974-49
>JESELSKIS BRINKERHOFF AND JOSEPH, LLC
>320 North Meridian Street, Suite 428
>Indianapolis, IN 46204
>Telephone: (317) 220-6290
>Facsimile: (317) 220-6291
>bjbrinkerhoff@jbjlegal.com
>hjoseph@jbjlegal.com

>/s/ Stephen Plopper
>Stephen Plopper, Attorney No. 5764-49
>PLOPPER & PARTNERS LLP
>1 East Carmel Drive, Suite 250
>Carmel, IN 46032
>Telephone: (317) 822-0800
>Fax: (317) 822-0808
>splopper@sploplaw.com